IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH P. HART, # 195171,               )
                                        )
            Petitioner,                 )
                                        )
      v.                                )      Civil Action No. 1:12cv94-WHA
                                        )                    (WO)
GARY HETZEL, *et al.*,                  )
                                        )
            Respondents.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joseph P. Hart ("Hart"), a state prisoner incarcerated at the W.E. Donaldson

Correctional Facility in Bessemer, Alabama, is before this court on a *pro se* petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254, filed on December 8, 2010. Doc. No. 1.[1]

Hart challenges his 1997 guilty plea convictions for cocaine possession and first-degree

assault.  For the reasons indicated below, this court concludes that Hart is not entitled to

relief.

**DISCUSSION**

On September 4, 1997, Hart pled guilty in the Houston County Circuit Court to

charges of unlawful possession of cocaine and assault in the first degree.  On that same date,

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk in the
instant civil action.  Page references to pleadings are to those assigned by CM/ECF.  References to
exhibits ("Ex.") are to those filed by Respondents with their answer, Doc. No. 13.  Hart filed his
§ 2254 petition in the United States District Court for the Northern District of Alabama. On
December 20, 2010, that court entered an order transferring Hart's petition to this court pursuant to
28 U.S.C. § 2241(d).  Doc. No. 3.  On or around January 31, 2012, this court received an e-mail
regarding the transfer order.  *Id*.  The case was entered on this court's docket on February 2, 2012.
*Id*.

the trial court imposed a sentence of two years in prison for the cocaine-possession conviction and ten years in prison for the assault conviction. The record reflects that the sentences for these two convictions fully expired before Hart filed his § 2254 petition.[2]

District courts have jurisdiction to entertain a § 2254 habeas petition only from a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). The Supreme Court has stated that § 2254's "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Accordingly, where a petitioner's sentence has fully expired, he does not meet the "in custody" requirement. *Id*. at 492.

In light of the foregoing, the court concludes that, to the extent that Hart attacks only his 1997 Houston County convictions for cocaine possession and first-degree assault,[3] Hart's § 2254 petition for habeas corpus relief should be dismissed for lack of subject-matter

---

[2] At the January 2010 hearing on an Ala.R.Crim.P. 32 petition Hart filed in the Houston County Circuit Court with regard to the 1997 cocaine-possession and assault convictions, Hart informed the trial court that, based on his earning of good-time credit, he finished serving his sentences for the convictions in 2000. Ex. A at 52.

[3] Because this court was concerned, based on the date of conviction and the length of the sentences, that Hart was not "in custody" for purposes of *Maleng* when he filed his § 2254 petition, the court entered an order directing Hart to specify which convictions he was attacking by his petition. Doc. No. 14. Hart filed a response in which he stated that he was attacking the 1997 Houston County convictions. Doc. No. 15.

jurisdiction, as Hart is not "in custody" for the convictions challenged in his petition. *Maleng*, 490 U.S. at 490.

Although Hart was not "in custody" under the Houston County convictions he challenges in his § 2254 petition at the time he filed his petition, he was "in custody" pursuant to the judgment of another Alabama court, specifically, the Madison County Circuit Court, where Hart was convicted in November 2001 on the charge of trafficking in marijuana and was sentenced, as a habitual felony offender, to life in prison. *See* Ex. A at 52-53.  It appears that Hart's 1997 Houston County convictions may have been used to enhance his 2001 Madison County conviction, pursuant to Alabama's habitual offender statute.

In *Maleng*, the Supreme Court acknowledged that when a § 2254 petition could be construed as asserting a challenge to a present sentence that was enhanced by an allegedly invalid prior conviction, the prisoner is "in custody" for purposes of federal habeas jurisdiction. *See* 490 U.S. at 493-94.  Although Hart's ultimate purpose in attacking his 1997 Houston County convictions may indeed be to assert a challenge to the life sentence imposed by the Madison County Circuit Court that he is currently serving, this court is presented with the question of whether it has jurisdiction to consider any challenge by Hart to a sentence imposed by the Madison County Circuit Court.  Madison County is within the jurisdiction of the United States District Court for the Northern District of Alabama.  Moreover, when he filed his § 2254 petition, Hart was incarcerated at the W.E. Donaldson Correctional Facility, in Bessemer, which is also within the jurisdiction of the United States District Court

for the Northern District of Alabama.  Under 28 U.S.C. § 2241(d),[4] the sentencing district and the custody district have jurisdiction to hear § 2254 habeas challenges to state convictions and sentences, but a district where the prisoner was not convicted and sentenced or is not currently incarcerated does not have jurisdiction.  Hart originally filed his § 2254 petition in the United States District Court for the Northern District of Alabama, but because it was not then apparent that Hart might be challenging a conviction or sentence other than his 1997 Houston County convictions, the United States District Court for the Northern District of Alabama transferred Hart's petition to this court (whose jurisdiction encompasses Houston County) pursuant to § 2241(d).  This court reads *Maleng* to require that a district court considering a § 2254 petition challenging a sentence enhanced by an allegedly defective prior conviction have jurisdiction *over the enhanced sentence*, something that this court does not have in this case under § 2241(d).  For this reason, to the extent that Hart attacks his 2001 sentence imposed by the Madison County Circuit Court, his petition should be dismissed for lack of jurisdiction.

Even assuming, without finding, that this court has jurisdiction to consider a habeas

---

[4] Title 28 U.S.C. § 2241(d) provides, in pertinent part, that:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

petition filed by a petitioner who is not currently "in custody" pursuant to the judgment of a state court located in this judicial district – but who is attacking his current sentence, which was imposed by a state court located in a different judicial district but enhanced using prior, now-expired convictions entered by a state court in this judicial district – this court concludes that Hart nevertheless fails to demonstrate his entitlement to federal habeas relief.  The mere fact that a prior conviction was used to enhance a present sentence does not entitle a prisoner to challenge the prior conviction:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (citation omitted); *see also Daniels v. United States*, 532 U.S. 374, 382-84 (2001).

The Supreme Court in *Lackawanna*, and in *Daniels*, recognized one limited exception to the general rule state above:  A prisoner may properly use a § 2254 petition to challenge a prior expired state conviction used to enhance a current sentence *only* where counsel was not appointed in the prior conviction, in violation of *Gideon v. Wainright*, 372 U.S. 335 (1963).[5]  *Lackawanna*, 532 U.S at 404-05; *Daniels*, 532 U.S. at 382-84.  Thus, the potential

_____

[5] In *Gideon*, the Supreme Court held that a state court's refusal to appoint trial counsel, upon request, for an indigent defendant accused of a non-capital felony violated due process.  *Gideon*, 372 U.S. at 343-45.  The right to counsel at trial flows from the explicit grant of this right in the Sixth

(continued...)

for habeas relief under the so called *Lackawanna*/*Daniels* exception is foreclosed where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003). Moreover, a petitioner seeking relief under this exception must also satisfy the procedural prerequisites for § 2254 relief. *Lackawanna*, 532 U.S at 404.

In an Ala.R.Crim.P. 32 petition he filed in the Houston County Circuit Court on December 2009, Hart alleged that his 1997 Houston County conviction for cocaine possession and assault were invalid because his appointed counsel was not present at the hearing on his application for youthful offender status as to those charges.[6] *See* Ex. D at 1-2. The trial court held a hearing as to Hart's claim on January 29, 2010, after which it denied relief, finding, among other things, that Hart's counsel was present at the youthful offender hearing and that the court would not have conducted the youthful offender hearing without

---

[5](...continued)
Amendment made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Id.* at 339.

[6] Hart's attempt to proceed under the *Lackawanna*/*Daniels* exception in the instant action – if that is indeed what he is attempting to do – presupposes that the alleged failure of counsel to appear at an Alabama youthful offender hearing constitutes a *Gideon*-type violation. Arguably, a hearing to determine whether a defendant charged with a crime committed in his minority should be tried as a youthful offender or as an adult is a critical stage in the criminal proceedings in which a defendant risks losing his claim to alternative rehabilitative treatment as a youthful offender. *See* §§ 15-19-1 *et seq.*, Ala. Code 1975. However, this court need not address that question, because it is clear for other reasons stated in this Recommendation that the *Lackawanna*/*Daniels* exception does not apply in Hart's case.

the presence of Hart's counsel.[7]  *Id*. at 3.  The trial court denied Hart's Rule 32 petition on the ground that the statute of limitations in Ala.R.Crim.P. 32.2(c) had expired long before the petition was filed.  *Id*.  The trial court's judgment was affirmed by the Alabama Court of Criminal Appeals, and the Alabama Supreme Court subsequently denied a petition for writ of certiorari filed by Hart.  *See* Exs. D-G.  Under the circumstances, Hart fails to demonstrate that his 1997 Houston County convictions were uncounseled.  Thus, the *Lackawanna*/*Daniels* exception is not implicated in this case even if the 1997 convictions were used to enhance Hart's current sentence.

In any event, Hart also is not entitled to attack his expired state convictions here because he did not satisfy the procedural prerequisites for § 2254 relief, a necessary component of a collateral attack even where the *Lackawanna*/*Daniels* exception is properly implicated.  *See Lackawanna*, 532 U.S at 404.  Specifically, Hart's current § 2254 petition challenging his 1997 Houston County convictions is time-barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d).[8] The Houston County Circuit

---

[7] The judge who heard Hart's Rule 32 petition presided over his earlier youthful offender hearing.  *See* Ex. D at 1-3.

[8] Title 28 U.S.C. § 2244(d) states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(continued...)

Court imposed the sentences for the convictions now challenged by Hart on September 4, 1997.  Hart did not file an appeal.  Because he failed to undertake the direct appeal process, the convictions became final on October 16, 1997 – 42 days after imposition of sentence – as that was the date on which Hart's time to seek direct review expired.  *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).  Hart thus had until October 16, 1998, to file a timely § 2254 petition, unless the limitation period was tolled by his filing of a state post-conviction petition.  *See* 28 U.S.C. § 2244(d)(2).  Hart first collaterally challenged the Houston County convictions in an Ala.R.Crim.P. 32 petition he filed in December 2009.  However, that filing had no bearing on the federal time-bar issue, because the one-year federal limitation period expired long before the Rule 32 petition was

---

[8](...continued)

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

filed. *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Hart filed his § 2254 petition on December 8, 2010,[9] more than 12 years after the limitation period in § 2244(d)(1)(A) expired.

Hart has not set forth facts or arguments establishing that any of the alternate provisions of § 2244(d)(1)(B)-(D) for commencement of the limitation period apply in his case. Nor does he establish that equitable tolling should be applied. Because Hart's § 2254 petition challenging the expired Houston County convictions is untimely under the federal limitation period, the *Lackawanna*/*Daniels* exception does not apply, and his petition should be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and this case dismissed with prejudice, because (1) this court is without jurisdiction to consider Hart's challenge to his expired Houston County convictions; (2) this court is without jurisdiction to consider Hart's challenge to his current sentence imposed by the Circuit Court of Madison County; and (3) Hart fails to establish any basis for federal habeas relief.

---

[9] Although Hart's petition was stamped as filed on December 16, 2010, it was signed by Hart on December 8, 2010. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hart] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 7, 2014**.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 21st day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE